IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:17-CV-7-D

| | | |
|---|---|---|
| TERRY LEE SHINABERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF MURFREESBORO, N.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to quash deposition notices for Defendants Bobbie Barmer and Michael P. Hinton. [DE-74]. Plaintiff filed a response [DE-76], and the matter is ripe for ruling. For the reasons that follow, the motion to quash is allowed, and the discovery period is extended to April 3, 2019 for the sole purpose of allowing Plaintiff to depose Joann Jones and Michael P. Hinton under the amended deposition notices and by agreement of the parties.

On March 15, 2019, Plaintiff's counsel emailed Defendants' counsel purported notices to depose Defendants Barmer, Hinton, and Jones on March 25, 2019. Defs.' Mot. [DE-74] at 3–4, Ex. C [DE-74-3]. However, there was no notice included for Jones. *Id.* Defendants contend the deposition notices should be quashed for improper service because, under Fed. R. Civ. P. 5(b)(2)(E), email service is only effective if the parties have consented in writing to accept it, and the parties have not done so in this case. Defs.' Mot. [DE-74] at 4. In response, Plaintiff asserts that any alleged service deficiencies were cured by serving amended deposition notices, counsel have agreed that Hinton and Jones will be deposed on April 3, 2019, and Defendants' counsel had been unable

to contact Barmer. Pl.'s Resp. [DE-76] at 1–2. Plaintiff does not argue that the March 15, 2019 notices were properly served, and the court finds that they were not served by proper means in accordance with Fed. R. Civ. P. 5(b). *See Freeman v. City of Detroit*, No. 09-CV-13184, 2011 WL 1298174, at *2 (E.D. Mich. Apr. 5, 2011) (finding notices of deposition transmitted by email to counsel were not properly served where there was no evidence counsel consented in writing to accepting email service). Accordingly, the service of the March 15, 2019 notices on Barmer and Hinton was improper and ineffective, and those notices are quashed.

After Plaintiff served amended notices of deposition and subpoenas on Jones and Hinton, the parties agreed that Plaintiff can depose them on April 3, 2019. Pl.'s Resp. [DE-76] at 1–2. However, the deadline to conclude discovery is April 2, 2019. [DE-73]. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court finds good cause to extend the discovery period to April 3, 2019 for the sole purpose of allowing Plaintiff to depose Jones and Hinton.

Plaintiff also forecasts filing a motion to extend the discovery period for the purpose of deposing Barmer at a later date. Pl.'s Resp. [DE-76] at 2. Defendants have filed a motion for protective order and notice of non-appearance related to the amended notice of deposition and subpoena purportedly served on Barmer. [DE-77]. To date, Plaintiff has not sought an extension related to Barmer, and Defendants' motion is not ripe. Accordingly, the court addresses neither of these issues with respect to Barmer in this order.

SO ORDERED, the 29 day of March 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

2