IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:17-CV-7-D

| | |
|---|---|
| TERRY LEE SHINABERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TOWN OF MURFREESBORO, N.C., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motion for protective order and notice of non-appearance [DE-77], Plaintiff's second motion to extend discovery deadlines and modify the scheduling order [DE-79], and Plaintiff's amended motion to compel Bobbie J. Barmer and Charles R. Kinsey III to attend deposition and extend discovery and dispositive motions deadlines [DE-83]. Responsive briefing is complete [DE-84, -85, -86, -87], and the motions are referred to the undersigned for decision [DE-88]. For the reasons that follow, Defendants' motion for protective order and Plaintiff's motion to extend time are allowed and Plaintiff's motion to compel is denied.

I. **Defendants' Motion for Protective Order [DE-77] and Plaintiff's Motion to Extend Case Deadlines [DE-79]**

The Scheduling Order in this matter initially provided for discovery to close on February 1, 2019. [DE-71]. The court, on Plaintiff's consent motion, extended the case deadlines by 60 days, and the discovery deadline was continued to April 2, 2019. [DE-73]. On March 8, 2019, Plaintiff's counsel contacted Defendants' counsel regarding scheduling depositions, including that of Bobbie

Hayden.[1] Pl.'s Mot. [DE-79] at 1–2. Defendants' counsel was initially unable to contact Ms. Hayden to discuss scheduling her deposition, and Plaintiff attempted to serve Ms. Hayden at her last known addresses in North Carolina and Virginia with a subpoena and deposition notice for March 29, 2019 in Ahoskie, North Carolina. *Id.*

On March 28, 2019, Defendants filed the instant motion for protective order and notice of non-appearance indicating that, after several attempts to contact Ms. Hayden, Defendants' counsel finally received a response on March 25, 2019, stating that Ms. Hayden had not received the deposition notice and subpoena by mail. Defs.' Mot. [DE-77] at 3. Ms. Hayden now resides in Virginia at a different address from the one Plaintiff used to attempt service, and Defendants seek a protective order setting the location for the deposition near her workplace in Portsmouth, Virginia. *Id.* at 5. Plaintiff has indicated a willingness to take Ms. Hayden's deposition in Virginia and requests a 30-day extension of the discovery period within which to do so. Pl.'s Mot. [DE-79] at 3. Defendants oppose any extension of the discovery deadline and assert that Plaintiff has not shown the requisite good cause and diligence. Defs.' Resp. [DE-84] at 4–5.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court finds that the inability to locate Ms. Hayden until late in the discovery period, despite the efforts of counsel, establishes good cause to extend the discovery period and other case deadlines for the purpose of completing Ms. Hayden's and other outstanding depositions. Accordingly, Defendants' motion for protective order [DE-77] is allowed, and Ms. Hayden shall be deposed in Virginia at a location near her workplace in Portsmouth on a date agreed upon by

---

[1] The defendant referred to as "Bobbie J. Barmer" in the complaint now uses the name "Bobbie J. Hayden," Defs.' Mot. [DE-77] n.1, and the court will refer to her as Ms. Hayden.

2

counsel; and Plaintiff's motion to extend case deadlines [DE-79] is allowed, and the case deadlines are extended as follows: discovery and mediation shall be completed no later than **June 14, 2019**, and dispositive motions shall be filed no later than **July 14, 2019**.

## II. Plaintiff's Motion to Compel [DE-83]

Remaining is Plaintiff's amended motion to compel with respect to the deposition of Charles R. Kinsey III.[2] [DE-83]. Mr. Kinsey is an attorney and a nonparty. Plaintiff contends Mr. Kinsey was served on March 19, 2019 with a notice of deposition and subpoena for April 2, 2019. Pl.'s Mot. [DE-83] at 2. The subpoena also required Mr. Kinsey to produce at the deposition client files, documents, emails, and other correspondence and records related to Plaintiff. [DE-83-4] at 1. Mr. Kinsey did not appear on April 2, 2019, and Plaintiff seeks to compel Mr. Kinsey to appear for deposition and to produce the requested documents. Pl.'s Mot. [DE-83] at 3–4. Defendants, in opposing Plaintiff's motion, note there is a typographical error in the address on Mr. Kinsey's deposition notice's certificate of service, calling into question whether Mr. Kinsey received the deposition notice. Defs.' Resp. [DE-85] at 2–3.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash

---

[2] The relief granted with respect to Defendants' motion for protective order [DE-77] and Plaintiff's motion to extend case deadlines [DE-79] moots the issues of Ms. Hayden's deposition and the extension of deadlines raised in the motion to compel.

3

or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). "Nonparties are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)"; therefore, nonparties "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. . . ." *Va. Dep't of Corr. v. Jordan*, No. 17-7594, 2019 WL 1562312, at *5 (4th Cir. Apr. 11, 2019).

The certificate of service attached to Plaintiff's motion to compel indicates only that Defendants' counsel was served with the motion, and there is no indication Mr. Kinsey received notice of the motion to compel. [DE-83] at 5. Furthermore, given the apparent discrepancy, noted by Defendants, in Mr. Kinsey's address listed on the deposition notice's certificate of service, the court lacks confidence that Mr. Kinsey received any notice of the deposition. Plaintiff has requested a broad range of documents from a nonparty, and the court declines to enforce the subpoena where there is uncertainty that Mr. Kinsey has been given notice and an opportunity to object. Accordingly, the motion to compel is denied without prejudice.

SO ORDERED, the 30th day of April 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

4