IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-7-D

TERRY LEE SHINABERRY, )
 )
 Plaintiff, )
 )
v. )
 ) **ORDER**
TOWN OF MURFREESBORO, N.C., )
BOBBIE J. BARMER, HERTFORD )
COUNTY, N.C., MICHAEL P. HINTON, )
REVELLE & LEE, LLP, GUILFORD )
COUNTY, N.C., HUMANE SOCIETY )
OF THE UNITED STATES, JOANN )
JONES, and HERTFORD COUNTY )
SHERIFF'S OFFICE, )
 )
 Defendants. )

On October 17, 2017, Terry Lee Shinaberry ("Shinaberry" or "plaintiff") filed an amended complaint against the Town of Murfreesboro, North Carolina ("Town"); Bobbie J. Hayden ("Hayden"), an animal control officer with the Hertford County Sheriff's office; the County of Hertford, North Carolina ("the County"); Michael P. Hinton ("Hinton"), an attorney who purportedly represented the Town; Revelle & Lee, LLP ("Firm"), a law firm which employed Hinton; the Humane Society of the United States ("HSUS"); and JoAnn Jones ("Jones"; collectively, "defendants"), an employee of the Hertford County Sheriff's office. See Am. Compl. [D.E. 56] ¶¶ 2–9; Answer [D.E. 59] ¶¶ 2–9. On April 16, 2018, the court dismissed the Town, HSUS, and some of Shinaberry's claims [D.E. 67]. On July 15, 2019, defendants moved for summary judgment on Shinaberry's remaining claims [D.E. 90] and filed a statement of material facts [D.E. 91], an appendix [D.E. 92], and a memorandum in support [D.E. 93]. On July 29, 2019, Shinaberry

responded in opposition [D.E. 94]. On August 12, 2019, defendants replied [D.E. 95]. As explained below, the court grants defendants' motion for summary judgment.

I.

Shinaberry lives near Murfreesboro, North Carolina, in a double-wide mobile home. See [D.E. 91] ¶¶ 1–2; Am. Compl. [D.E. 56] ¶ 16; Shinaberry Dep. [D.E. 92-4] 52.[1] He is a long-time breeder of Australian Shepherds. See [D.E. 91] ¶ 1; Shinaberry Dep. [D.E. 92-4] 13–14. In March 2014, he owned approximately 67 adult dogs and 13 puppies. See id. ¶ 2; Shinaberry Dep. [D.E. 92-4] 112. Hayden was an animal control officer in the Hertford County Sheriff's Office. See [D.E. 91] ¶ 3; Hayden Aff. [D.E. 92-1] ¶ 2. Hinton was an attorney. See [D.E. 91] ¶ 5; Hinton Dep. [D.E. 92-9] 11–12; Revelle Aff. [D.E. 92-2] ¶ 5. Revelle was an attorney in the same law firm as Hinton and was the County Attorney. See Revelle Aff. [D.E. 92-2] ¶¶ 3, 5.

---

[1] Under Local Civil Rule 56.1, a party opposing a motion for summary judgment shall submit "a separate statement including a response to each numbered paragraph in the moving party's statement [of material facts]." Local Civ. R. 56.1(a)(2). "Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Id. "Each statement by the movant or opponent . . . must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(c)." Local Civ. R. 56.1(a)(4). Under Rule 56(c), a party disputing a material fact must support its position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Merely responding that a party "disputes" a material fact is insufficient under Rule 56 and Local Rule 56.1. See Howard v. Coll. of the Albermarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (per curiam) (unpublished).

Shinaberry's response to defendants' motion for summary judgment [D.E. 94] violates Local Rule 56.1 because it does not contain a separate statement of material facts with numbers corresponding to defendants' statement of material facts. See [D.E. 94]. Thus, to the extent that Shinaberry does not oppose any statement of material fact by citing to particular parts of the record or showing that defendants cannot support their positions based on evidence in the record, the court deems the material fact admitted. See Howard, 262 F. Supp. 3d at 329 n.1.

On February 16, 2014, Hertford County Animal Control received a complaint about a puppy that Shinaberry had sold. See Hayden Aff. [D.E. 92-1] ¶ 4. The complaint noted the large number of dogs at Shinaberry's residence. See id. It also noted that the dogs did not appear to receive proper care, that there was no shelter on Shinaberry's property for the dogs, and that the purchased puppy was in poor condition. See id. On or about March 20, 2014, Hayden went to Shinaberry's residence and found that the dogs had terrible living conditions. See id. ¶ 5. Many dogs appeared thin and malnourished, housing was inadequate, and the dogs fought over food. See id. Shinaberry could not produce any certificates that the dogs had received rabies vaccinations. See id. Hertford County Animal Control continued to receive more complaints about the dogs after this visit. See id. ¶ 6.

On March 21, 2014, Hayden and Hinton met with Shinaberry to discuss his dogs after Shinaberry had appeared in court on criminal animal cruelty charges. See [D.E. 91-2] ¶ 6; Hayden Aff. [D.E. 92-1] ¶ 8.[2] Shinaberry signed a Voluntary Transfer of Ownership of Animals document on the same day without consulting an attorney. See [D.E. 91-2] ¶ 7; Revelle Aff. [D.E. 92-2] ¶ 5; Hinton Dep. [D.E. 92-9] 56–58; Ex. A, Revelle Aff. [D.E. 92-2] 6. Although Hinton stated that Hertford County might not file a civil action concerning Shinaberry's dogs if Shinaberry signed this document, neither Hinton nor Hayden discussed Shinaberry's pending criminal charges. See Hayden Aff. [D.E. 92-1] ¶ 8; Hayden Dep. [D.E. 94-5] 87.

On March 24, 2014, Hayden and HSUS, the Society for the Prevention of Cruelty to Animals ("SPCA") of the Triad, the SPCA of Norfolk, Virginia, and the SPCA of Virginia Beach went to Shinaberry's home to remove the dogs that Shinaberry had agreed to surrender. See [D.E. 91] ¶¶

---

[2] On March 24, 2014, the Hertford County District Attorney's Office dismissed those charges because a veterinarian "did not render [an] opinion to [a] reasonable degree of veterinary medical certainty that the puppy in question" has suffered cruelty as defined by North Carolina law. Ex. 1, Howard Dep. [D.E. 92-3] 3.

3

8–9; Hayden Aff. [D.E. 92-1] ¶ 10. Although Shinaberry passed approximately ten dogs over his fence, he refused to surrender more dogs even though he had voluntarily agreed to surrender all but five of his dogs. See [D.E. 91] ¶¶ 9–10; Hayden Aff. [D.E. 92-1] ¶¶ 10–11. A volunteer veterinarian examined the ten dogs at the site and found what she perceived to be "signs of infection, missing body parts, and trauma." Hayden Aff. [D.E. 92-1] ¶ 11; see Hayden Dep. [D.E. 94-3] 45–46, 55–56. Hayden obtained a search warrant to find neglected or abused dogs at Shinaberry's home based on the poor condition of the ten dogs that Shinaberry had surrendered voluntarily. See [D.E. 91] ¶ 11; Hayden Aff. [D.E. 92-1] ¶ 12; Ex. D, Hayden Aff. [D.E. 92-1] 46–48.

On April 28, 2014, Hayden obtained ten warrants for Shinaberry's arrest on charges of misdemeanor cruelty to animals relating to the ten dogs that Shinaberry had surrendered on March 21, 2014. See [D.E. 91] ¶ 12; Hayden Aff. [D.E. 92-1] ¶ 14. On September 24, 2014, the Hertford County District Attorney's Office dismissed the charges because of insufficient evidence. See [D.E. 91] ¶¶ 13–14; Am. Compl. [D.E. 56] ¶ 37; Ex. 4, Howard Dep. [D.E. 92-3] 37–43.

## II.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and

4

quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of plaintiff's position [is] insufficient...." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

Defendants' motion for summary judgment requires the court to consider Shinaberry's state law claims, and the parties agree that North Carolina law applies to those claims. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See id.; Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of the North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[3] In predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there [are] persuasive data

---

[3] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted); see Hicks v. Feiock, 485 U.S. 624, 630 & n.3 (1988). Moreover, in predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Day & Zimmerman, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

A.

In his first claim for relief, Shinaberry alleges that Hayden and the County wrongfully seized his dogs without probable cause in violation of the Fourth Amendment and 42 U.S.C. § 1983. See Am. Compl. [D.E. 56] ¶¶ 47–52. Defendants move for summary judgment based on qualified immunity.

Qualified immunity is an affirmative defense that "protects law enforcement officers against lawsuits seeking money damages from them in their individual capacity." Bostic v. Rodriguez, 667 F. Supp. 2d 591, 605 (E.D.N.C. 2009). In analyzing qualified immunity, the court must ask two questions. See, e.g., Pearson v. Callahan, 555 U.S. 223, 231–32 (2009); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 & n.24 (4th Cir. 2009); Miller v. Prince George's Cty., 475 F.3d 621, 626–27 (4th Cir. 2007). First, the court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Pearson, 555 U.S. at 232. Second, the court must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted); see Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam). Courts have discretion to decide which prong to address first. See Pearson, 555 U.S. at 236. Defendants are entitled to

6

dismissal on qualified immunity grounds if the answer to either question is "no." See, e.g., Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011); Miller, 475 F.3d at 627; Bostic, 667 F. Supp. 2d at 606.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quotation omitted); see City of Escondido v. Emmons, 139 S. Ct. 500, 503–04 (2019) (per curiam); District of Columbia v. Wesby, 138 S. Ct. 577, 589–90 (2018); Hernandez v. Mesa, 137 S. Ct. 2003, 2007 (2017) (per curiam); Ziglar v. Abbasi, 137 S. Ct. 1843, 1866–67 (2017); White v. Pauly, 137 S. Ct. 548, 551–52 (2017) (per curiam); Mullenix, 136 S. Ct. at 308–09; Taylor v. Barkes, 135 S. Ct. 2042, 2044–45 (2015) (per curiam); City & Cty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015); Carroll v. Carman, 574 U.S. 13, 16–17 (2014) (per curiam); Reichle v. Howards, 566 U.S. 658, 664 (2012); Pearson, 555 U.S. at 231. The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." al-Kidd, 563 U.S. at 741; see Wesby, 138 S. Ct. at 590; Abbasi, 137 S. Ct. at 1867; Pauly, 137 S. Ct. at 551. In the Fourth Amendment context, "a body of relevant case law is usually necessary" to show that the unlawfulness of the officer's conduct placed the constitutional question beyond debate. Wesby, 138 S. Ct. at 590 (quotation omitted).

Even viewing the evidence in the light most favorable to Shinaberry, no reasonable jury could find that defendants violated his Fourth Amendment rights. Defendants obtained a search warrant that a neutral magistrate found supported by probable cause. Because defendants had probable cause and a warrant, defendants did not violate Shinaberry's Fourth Amendment rights. Even assuming there was not probable cause, qualified immunity attaches because Hayden "reasonably but mistakenly concluded that probable cause was present." Id. at 589–91 (quotation and alterations

7

omitted). Accordingly, the court grants summary judgment to defendants on Shinaberry's first claim for relief.

B.

In his second claim for relief, Shinaberry alleges that defendants violated his procedural due process rights under the Fifth, Sixth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983 by negotiating a plea with him without his counsel present. See Am. Compl. [D.E. 56] ¶¶ 53–57. Defendants move for summary judgment.

Shinaberry's claim fails because Hayden and Hinton's meeting with him did not concern his pending criminal charges. Rather, it concerned only whether Hertford County would file a civil action against Shinaberry. Absent extraordinary circumstances, no constitutional right to counsel exists in civil cases. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Gray v. Hooks, No. 5:17-HC-2064-D, 2018 WL 1413968, at *6 (E.D.N.C. Mar. 21, 2018) (unpublished). Moreover, the voluntary surrender agreement that Shinaberry signed was not a plea agreement. Alternatively, even assuming that Shinaberry had a constitutional right to counsel, Hayden is entitled to qualified immunity. See, e.g., Garrison v. Pitts, No. 5:18-cv-23-FDW, 2018 WL 1308138, at *2 (W.D.N.C. Mar. 13, 2018) (unpublished). Accordingly, the court grants summary judgment to defendants on Shinaberry's second claim for relief.

C.

In his third claim for relief, Shinaberry alleges that Hayden and the County "abused criminal process when they improperly obtained arrest warrants charging Mr. Shinaberry with cruelty to animals" when they "knew or should have known by exercise of due diligence that said charges were false." Am. Compl. [D.E. 56] ¶¶ 58–62. Defendants move for summary judgment.

8

Under North Carolina law, "the elements of an abuse of process claim are: (1) a prior proceeding [] initiated by defendant to achieve an ulterior motive or purpose; and (2) once that proceeding was initiated, some willful act not proper in the regular prosecution of the proceeding was committed." Universal Underwriters Ins. Co. v. Lallier, 334 F. Supp. 3d 723, 734 (E.D.N.C. 2018) (emphasis omitted); see Franklin v. Yancey Cty., No. 1:09cv199, 2010 WL 317804, at *5 (W.D.N.C. Jan. 19, 2010) (unpublished); Semones v. S. Bell Tel. & Tel. Co., 106 N.C. App. 334, 341, 416 S.E.2d 909, 913 (1992). A plaintiff satisfies the second requirement "when the plaintiff alleges that the prior action was initiated by the defendant or used by him to achieve a purpose not within the intended scope of the process used." Hewes v. Wolfe, 74 N.C. App. 610, 614, 330 S.E.2d 16, 19 (1985); see Lallier, 334 F. Supp. 3d at 734; Stanback v. Stanback, 297 N.C. 181, 200, 254 S.E.2d 611, 624 (1979), disapproved of on other grounds by Dickens v. Puryear, 302 N.C. 437, 446, 276 S.E.2d 325, 331 (1981).

As for Shinaberry's abuse of process claim against the County, governmental immunity defeats the claim. "Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997); see Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334, 335–36 & n.3, 678 S.E.2d 351, 353 & n.3 (2009); Lee v. Cty. of Cumberland, 809 S.E.2d 407, 2018 WL 710085, at *8 (N.C. Ct. App. Feb. 6, 2018) (unpublished table decision); Paquette v. Cty. of Durham, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002); Archer v. Rockingham Cty., 144 N.C. App. 550, 552–53, 548 S.E.2d 788, 790 (2001); Messick v. Catawba Cty., N.C., 110 N.C. App. 707, 714, 431 S.E.2d 489, 493–94 (1993), overruled on other grounds by Moore v. City of Creedmoor, 345 N.C. 356, 481 S.E.2d 14 (1997); Slade v. Vernon, 110 N.C. App. 422, 426, 429 S.E.2d 744, 746 (1993), overruled on other grounds by Moore

9

v. City of Creedmoor, 345 N.C. 356, 481 S.E.2d 14 (1997); Baucom's Nursery Co. v. Mecklenburg Cty., 89 N.C. App. 542, 544, 366 S.E.2d 558, 560 (1988). The County is entitled to governmental immunity because it acted "pursuant to its governmental functions" in exercising police powers. Evans v. Housing Auth. of City of Raleigh, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004); see Orange Cty. v. Heath, 282 N.C. 292, 294, 192 S.E.2d 308, 309–10 (1972). Moreover, the County has not waived its governmental immunity. Accordingly, the court grants summary judgment to the County on Shinaberry's abuse of process claim.[4]

As for Shinaberry's abuse of process claim against Hayden in her official capacity, Hayden is entitled to governmental immunity as a county employee. Thus, the court grants summary judgment to Hayden on Shinaberry's abuse of process claim against her in her official capacity.

As for Shinaberry's abuse of process claim against Hayden in her individual capacity, even viewing the evidence in the light most favorable to Shinaberry, no reasonable jury could find that Hayden filed criminal charges to achieve an ulterior purpose or took some improper and willful action in the proceedings. The Hertford County District Attorney's Office's ultimate decision to dismiss the criminal charges for insufficient evidence does not raise a genuine issue of material fact on either aspect of Shinaberry's abuse of process claim. See, e.g., Self v. Nationstar Mortgage LLC, No. 2:19-CV-3-D, 2019 WL 4734412, at *8 (E.D.N.C. Sept. 26, 2019) (unpublished). Accordingly,

---

[4] To the extent that Shinaberry seeks to amend his pleadings to substitute the County for the Town, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); see U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 n.6 (4th Cir. 2017); Murray Energy Corp. v. Admin. of Envt'l Protection Agency, 861 F.3d 529, 537 n.5 (4th Cir. 2017); vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2011 WL 4527382, at *7–8 (E.D.N.C. Sept. 28, 2011) (unpublished) (collecting cases). Shinaberry did not properly move to amend his complaint under the Federal Rules of Civil Procedure and cannot do so now through summary-judgment briefing.

10

the court grants summary judgment to Hayden on Shinaberry's abuse of process claim against her in her individual capacity.

D.

In Shinaberry's fourth claim, he alleges the County and Hayden maliciously prosecuted him. Am. Compl. [D.E. 56] ¶¶ 63–69. Defendants move for summary judgment.

Under North Carolina law, "[t]o establish malicious prosecution, a plaintiff must show that the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." Turner v. Thomas, 369 N.C. 419, 425, 794 S.E.2d 439, 444 (2016); see N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc., 366 N.C. 505, 512, 742 S.E.2d 781, 786–87 (2013). In this context, probable cause means "the existence of such facts and circumstances, known to the defendant at the time, as would induce a reasonable man to commence a prosecution." Turner, 369 N.C. at 425, 794 S.E.2d at 444 (alterations, emphases, and quotation omitted); see Best v. Duke Univ., 337 N.C. 742, 750, 448 S.E.2d 506, 510 (1994); Cook v. Lanier, 267 N.C. 166, 170, 147 S.E.2d 910, 914 (1966)

As for Shinaberry's malicious prosecution claims against the County and Hayden in her official capacity, governmental immunity defeats Shinaberry's claims for the same reasons that it defeats his abuse of process claims against these defendants. Accordingly, the court grants summary judgment to the County and Hayden in her official capacity on these claims.

As for Shinaberry's malicious prosecution claim against Hayden in her individual capacity, even viewing the evidence in the light most favorable to Shinaberry, no reasonable jury could find that Hayden acted without probable cause or with malice at the time criminal charges were brought against Shinaberry. Moreover, the fact that the criminal proceeding ultimately ended in Shinaberry's favor does not "automatically negate the existence of probable cause at the time prosecution was

11

commenced." Turner, 369 N.C. at 425, 794 S.E.2d at 445. Accordingly, the court grants summary judgment to Hayden in her individual capacity on this claim.

E.

In Shinaberry's fifth claim for relief, he alleges that the County is liable under 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and its progeny because Hayden's actions "demonstrate a custom or practice of [the] County engaging in seeking process without probable cause in violation of individual civil rights" and that County officials failed to train or supervise her sufficiently. Am. Compl. [D.E. 56] ¶¶ 70–75. The County moves for summary judgment.

Supervisory officials are not vicariously liable for constitutional injuries inflicted by their subordinates. See, e.g., Monell, 436 U.S. at 691; Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). In certain narrow circumstances, a supervisor may be liable for failure to adequately train or supervise subordinates. See, e.g., Connick v. Thompson, 563 U.S. 51, 59–63 (2011); City of Canton v. Harris, 489 U.S. 378, 388–92 (1989). To establish such a claim, a plaintiff must prove that (1) the subordinates actually violated the plaintiff's constitutional or statutory rights, (2) the supervisor's failure to properly train or supervise the subordinates amounts to "deliberate indifference" to the rights of the plaintiff, and (3) this failure to train or supervise actually caused the subordinates to violate the plaintiff's rights. Connick, 563 U.S. at 59–63; Canton, 489 U.S. at 388–92; see Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000); Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Spell v. McDaniel, 824 F.2d 1380, 1389–90 (4th Cir. 1987); Brown v. Frazier, No. 4:12-CV-290-D, 2013 WL 5739091, at *2–3 (E.D.N.C. Oct. 22, 2013) (unpublished); Cooper v. Brunswick Cty. Sheriff's Dep't, 896 F. Supp. 2d 432, 451–53 (E.D.N.C. 2012). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for

12

purposes of failure to train." Connick, 563 U.S. at 62 (quotation omitted); see Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983) (collecting cases).

As for Shinaberry's Monell claim against the County for failure to train or supervise Hayden adequately, even viewing the evidence in the light most favorable to Shinaberry, no rational jury could find that Shinaberry could prove that the County's failure to train or supervise amounted to deliberate indifference. See Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999). Moreover, Shinaberry does not identify a pattern of similar alleged constitutional violations. See Connick, 563 U.S. at 62–63; Wellington, 717 F.2d at 936. Furthermore, Hayden's conduct did not violate the Constitution. Thus, the court grants summary judgment to the County on Shinaberry's Monell claim.

F.

In his seventh claim for relief, Shinaberry alleges that Hayden and the County invaded his privacy by intruding "into Mr. Shinaberry's residence and into his private affairs and concerns" and by "arranging for news media to appear" during the search, "thereby causing publicity which placed Mr. Shinaberry in a false light in the public eye." Am. Compl. [D.E. 56] ¶¶ 80–84. Defendants move for summary judgment.

As for Shinaberry's invasion of privacy claims against the County and Hayden in her official capacity, the doctrine of governmental immunity defeats the claims. Accordingly, the court grants summary judgment to defendants on those claims.

As for Shinaberry's claims against Hayden in her individual capacity, Shinaberry does not respond to Hayden's motion for summary judgment and has therefore abandoned these claims. See Carmon v. Pitt Cty., No. 5:18-CV-433-D, 2019 WL 938875, at *4 (E.D.N.C. Feb. 26, 2019) (unpublished); Bronitsky v. Bladen Healthcare, LLC, No. 7:12-CV-147-BO, 2013 WL 5327447, at

13

*1 (E.D.N.C. Sept. 20, 2013) (unpublished). Accordingly, the court grants summary judgment to Hayden on these claims.

Alternatively, North Carolina does not recognize a cause of action for invasion of privacy based on an illegal search by a private individual. See Morrow v. Kings Dep't Stores, Inc., 57 N.C. App. 13, 23, 290 S.E.2d 732, 738 (1982); Shinaberry v. Town of Murfreesboro, No. 2:17-CV-7-D, 2018 WL 1801417, at *6 (E.D.N.C. Apr. 16, 2018) (unpublished). Likewise, North Carolina does not "recognize a cause of action for false light in the public eye." Broughton v. McClatchy Newspapers, Inc., 161 N.C. App. 20, 28–29, 588 S.E.2d 20, 27 (2003) (quotation omitted); see Renwick v. News & Observer Pub. Co., 310 N.C. 312, 322, 312 S.E.2d 405, 411 (1984). This court declines to create or expand North Carolina law and public policy on this issue. See Day & Zimmerman, Inc., 423 U.S. at 4; Time-Warner Entm't-Advance/Newhouse P'ship, 506 F.3d at 314; Wade, 182 F.3d at 286. Accordingly, because these claims do not exist under North Carolina law, the court grants summary judgment to Hayden on these claims.

G.

In his tenth claim for relief, Shinaberry alleges that Hayden "restrained or caused Mr. Shinaberry to be restrained unlawfully without either his consent or probable cause, through use of force or coercion." Am. Compl. [D.E. 56] ¶¶ 95–98. Hayden moves for summary judgment.

Under North Carolina law, false imprisonment is "the illegal restraint of a person against his will." Hemric v. Groce, 169 N.C. App. 69, 78, 609 S.E.2d 276, 283 (2005) (quotation omitted); see Fowler v. Valencourt, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993); Hales v. McCrory-McLellan Corp., 260 N.C. 568, 570, 133 S.E.2d 225, 227 (1963). To establish a false imprisonment claim, a plaintiff must prove "(1) the illegal restraint of plaintiff by defendant; (2) by force or threat of force; and (3) against the plaintiff's will." Cherry v. United Parcel Serv., Inc., No. 5:07-CV-403-D, 2009

14

WL 8641019, at *12 (E.D.N.C. Sept. 28, 2009) (unpublished) (quotation omitted), aff'd, 402 F. App'x 764 (4th Cir. 2010) (per curiam) (unpublished); Kling v. Harris Teeter Inc., 338 F. Supp. 2d 667, 679 (W.D.N.C. 2002), aff'd, 86 F. App'x. 662 (4th Cir. 2004) (per curiam) (unpublished). "While actual force is not required, there must be an implied threat of force which compels a person to remain where he does not wish to remain or go where he does not wish to go." West v. King's Dep't Store, Inc., 321 N.C. 698, 702, 365 S.E.2d 621, 623–24 (1988). A threat of force suffices when it "induce[s] a reasonable apprehension of force." Id. at 702, 365 S.E.2d at 624 (quotation omitted); see Hales, 260 N.C. at 570, 133 S.E.2d at 227; Hoffman v. Clinic Hosp., Inc., 213 N.C. 669, 669, 197 S.E. 161, 162 (1938) (per curiam).

As for Shinaberry's false imprisonment claim against Hayden in her official capacity, the doctrine of governmental immunity defeats the claim. Thus, the court grants summary judgment to Hayden on Shinaberry's false imprisonment claim against her in her official capacity.

As for Shinaberry's false imprisonment claim against Hayden in her individual capacity, even viewing the evidence in the light most favorable to Shinaberry, no rational jury could conclude that Hayden falsely imprisoned him on March 21, 2014. Moreover, with respect to the arrest warrants, "[p]robable cause is an absolute bar to a claim for false arrest." Williams v. City of Jacksonville Police Dep't, 165 N.C. App. 587, 596, 599 S.E.2d 422, 430 (2004); see Dunn v. Mosley, No. 4:10-CV-28-FL, 2011 WL 2457793, at *5–6 (E.D.N.C. June 16, 2011) (unpublished), appeal dismissed, 491 F. App'x 413 (4th Cir. 2012) (per curiam) (unpublished). As discussed, probable cause existed for the arrest warrants. Accordingly, the court grants summary judgment to Hayden on Shinaberry's false imprisonment claim against her in her individual capacity.

15

H.

In his eleventh claim for relief, Shinaberry alleges that Hayden and the County "under color of law entered upon Mr. Shinaberry's property and unlawfully took and permanently deprived Mr. Shinaberry of his property." Am. Compl. [D.E. 56] ¶¶ 99–102. Defendants move for summary judgment.

Under North Carolina law, a trespass to real property claim requires a plaintiff to prove "(1) possession of the property by the plaintiff at the time of the alleged trespass; (2) unauthorized entry by the defendant; and, (3) damage to the plaintiff as a result." House v. Fed. Home Loan Mortgage Corp., 261 F. Supp. 3d 623, 635 (E.D.N.C. 2016), aff'd, 699 F. App'x 259 (4th Cir. 2017) (per curiam) (unpublished); see Matthews v. Forrest, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952); Keyzer v. Amerlink, Ltd., 173 N.C. App. 284, 289, 618 S.E.2d 768, 772 (2005). However, a defendant "may assert that the entry was lawful or under legal right as an affirmative defense." Singleton v. Haywood Elec. Membership Corp., 357 N.C. 623, 628, 588 S.E.2d 871, 874 (2003); Hildebrand v. S. Bell Tel. & Tel. Co., 216 N.C. 235, 235, 4 S.E.2d 439, 439 (1939); CDC Pineville, LLC v. UDRT of N.C., LLC., 174 N.C. App. 644, 652, 622 S.E.2d 512, 518 (2005).

As for Shinaberry's trespass claims against the County and Hayden in her official capacity, governmental immunity defeats the claims. Alternatively, Shinaberry did not respond to defendants' motion for summary judgment and has abandoned the claims. See Carmon, 2019 WL 938875, at *4; Bronitsky, 2013 WL 5327447, at *1. Accordingly, the court grants summary judgment to defendants on these claims.

As for Shinaberry's trespass claim against Hayden in her individual capacity, Shinaberry has likewise abandoned the claim. See Carmon, 2019 WL 938875, at *4; Bronitsky, 2013 WL 5327447, at *1. Alternatively, even viewing the evidence in the light most favorable to Shinaberry, no rational

16

jury could conclude that Hayden entered Shinaberry's real property without his consent or without legal right. Accordingly, the court grants summary judgment to Hayden on Shinaberry's trespass to real property claim against her in her individual capacity.

I.

As for the Hertford County Sheriff's Office, Revelle & Lee, LLP, and JoAnn Jones, the court has already dismissed Shinaberry's only claims against those defendants. See Shinaberry, 2018 WL 1801417, at *6. Although Shinaberry asserts other claims remain pending against these defendants, Shinaberry does not identify which claims those might be. See [D.E. 94] 4. Moreover, the court does not construe Shinaberry's complaint to allege any other claims against these defendants, and Shinaberry cannot amend his complaint through summary judgment briefing. Accordingly, the court grants summary judgment to these defendants because no pending claims remain against them.

III.

In sum, the court GRANTS defendants' motion for summary judgment [D.E. 90]. The clerk shall close the case.

SO ORDERED. This _23_ day of October 2019.

JAMES C. DEVER III
United States District Judge